MAXWELL E. BUBLITZ AND ADELHEID BUBLITZ, PROSE-CUTORS, v. BOROUGH OF HILLSDALE, IN THE COUNTY OF BERGEN, DEFENDANT.

Argued April 26, 1930—Decided May 5, 1930.

Before Justice PARKER, at chambers.

For the prosecutors, *Isaacs & Gunther*.

For the defendant, *Howard Mackay*.

Memorandum by PARKER, J. The attack is on an assessment of benefits for a public improvement, and the sole point

made is that the assessment is vitiated because one of the commissioners removed to another municipality to live before it was completed.

There was no permanent board of assessors in the borough of Hillsdale, and so under section 18 of article 20 of the Home Rule act, as amended (*Pamph. L.* 1918, *p.* 485), a temporary board was appointed for this particular assessment, on November 13th, 1928. A Mr. Stever was one of the three appointed, and at that time was a resident of Hillsdale and so continued until September 4th, 1929, when he moved to Ridgewood. He continued, however, to work with his associates on the assessment until February 11th, 1930, when the commissioners submitted their report.

Section 18 of article 20, *supra,* provides for the appointment of three discreet freeholders who shall be residents of the municipality, &c. It is conceded that Stever was qualified when he was appointed and until he moved away. But the claim is that although by section 21 "a majority of the board shall constitute a quorum for the transaction of business and shall be sufficient to make any assessment," the action of such majority is vitiated by the participation of a colleague disqualified by non-residence. Prosecutors submit two decisions in this state, in both of which the disqualification was because of interest, in my estimation a very different matter. The ground they invoke for allowing a writ with a view to having the assessment set aside is that the Home Rule act of 1917 at page 459, article 37, section 18, amended by the laws of 1920, chapter 115 at page 248, provides as follows: "Whenever any officer of any municipality shall cease to be a *bona fide* resident therein, or whenever the resignation of such officer shall have been accepted by the proper authority, a vacancy in the office held by such person shall immediately exist, and such person shall not exercise any of the duties of the office theretofore held by him; and such municipality, by and through its proper authority, shall immediately proceed to fill such vacancy in the manner and form prescribed by law for the filling of such vacancy * * *."

I am unwilling to hold that this section of the statute applies to members of a temporary board appointed specially for a particular assessment. It will be observed that the statute uses the words "officer" and "office held by such person." But an office is defined to be "a place in a governmental system created or recognized by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties." *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200. The case of a special commissioner *pro hac vice* to make a particular assessment seems not to be within this class.

My conclusion is that there was no legal infirmity in the assessment because of the reason assigned on this rule, and the rule will therefore be discharged, with costs.