MARY E. ALLEN ET AL., PROSECUTORS, v. THE COMMON COUNCIL OF INHABITANTS OF THE CITY OF PLAINFIELD, AND GEORGE B. WEAN, CLERK OF SAID COMMON COUNCIL, DEFENDANTS.

Submitted October term, 1930—Decided February 3, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutors, *Otto A. Stiefel.*

For the defendants, *J. Henry Crane.*

PER CURIAM.

The writ brings before the court a resolution of the common council of the city of Plainfield confirming certain assessments for benefits under a local improvement ordinance. The resolution in question recites the proceedings of the city's council from the time of the filing of the commissioners' report until its confirmation. It shows that the commissioners' report was before the common council for consideration on August 6th, 1928. It was referred back and again came before the common council on February 4th, 1929. It was again referred back, and was before the common council on August 5th, 1929. It was then referred on January 21st, 1930, to the street and sewer committee. The report, with recommendations and revisions, came before the common council for consideration on April 7th, 1930, when the report with revisions and alterations recommended was adopted. Public hearings, after due notice as provided by law, were held in all instances.

It is argued to us that after the common council had twice referred back the report to the assessment commissioners it was without power to refer the report to a committee of the common council for enlargement. Section 27, article 20 of the Home Rule act, as amended (*Pamph. L.* 1925, *p.* 235), provides that after certain preliminary steps are taken, "the governing body, after considering the said report and map, may adopt and confirm the same with or without alterations as by them may seem proper. It shall be lawful for said governing body to refer the matter to any committee of their own body, or to the officer or board making such assessments for revision or correction before taking final action upon it." This language seems to us to be very broad and in no sense to limit the number of times the governing body may return the report for correction, or to limit its right to refer the report over to the commissioners of assessments or to a committee of its own body.

Pursuant to the Home Rule act the governing body of the city of Plainfield created an assessment commission. These commissioners were therefore officers. *Hoboken Land and Improvement Co.* v. *Hoboken,* 36 *N. J. L.* 291, 292; *Fredericks* v. *Board of Health,* 82 *Id.* 200; *Bublitz* v. *Hillsdale,* 150 *Atl. Rep.* 229. The ordinance provided that the members of this commission should be named by the mayor, with the advice and consent of the common council. It is argued that under the Home Rule act these officers should have been named by the governing body and not by the mayor. We are of the view that the mere fact that the mayor, as well as the common council, acted did not make the selection invalid. The members of the commission were, at all events, named by the governing body even though the mayor concurred. The commissioners, however, were at all events *de facto* public officers and as such their acts are not subject to collateral attack. 43 *C. J.* 619.

The writ will be discharged, with costs.